## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEFFREY JOHN MARBURGER,**

       **Plaintiff,**

**v.**                                 **Case No:   6:13-cv-416-Orl-31KRS**

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE (Doc. No. 25)** |
| **FILED:** | **April 1, 2016** |

## I.   PROCEDURAL HISTORY.

In 2010, Jeffrey John Marburger filed applications for benefits under the Federal Old Age, Survivors and Disability Insurance Programs ("OASDI"), 42 U.S.C. § 401, *et seq.*, and under the Supplemental Security Income for the Aged, Blind and Disabled Program ("SSI"), 42 U.S.C. § 1381, *et seq.*  He alleged that he became disabled on September 5, 2009.  Doc. No. 20, at 1-2.

His applications were denied by the Commissioner of Social Security.  *Id.* at 2.  Marburger sought review of that decision by this Court.  Doc. No. 1.  On February 27, 2014, the Court entered a judgment reversing the Commissioner's decision and remanding the case for further proceedings.

Doc. No. 22. The Court also awarded Marburger $4,057.90 in attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Doc. No. 24.

The Commissioner determined on remand that Marburger was entitled to receive disability benefits. Doc. No. 25-2. He was awarded $120,668.80 in past-due benefits. *Id.* at 4; *see also* Doc. No. 29-1, at 1. On March 26, 2016, the Social Security Administration ("SSA") sent Marburger a Notice of Award. Doc. No. 25-2. On April 19, 2016, the SSA sent Marburger a letter informing him that, in accordance with 42 U.S.C. § 406(a), it paid $6,000.00 in fees to Marburger's representative for work performed at the administrative level and that it withheld an additional $24,167.20 to pay Marburger's counsel, Richard A. Culbertson, Esq. Doc. No. 29-1, *see also* Doc. No. 30 ¶ 5. Attorney Culbertson was the only representative who represented Marburger at the administrative level who was eligible to pursue fees pursuant to 42 U.S.C. § 406(a). *See* Doc. No. 30 ¶¶ 6-8.

On April 1, 2016, Attorney Culbertson filed the present motion seeking an award of attorneys' fees under 42 U.S.C. § 406(b). Doc. No. 25. The motion was accompanied, *inter alia*, by Marburger's retainer agreement and the Notice of Award. Doc. Nos. 25-1, 25-2. Under the retainer agreement, Marburger agreed to pay Attorney Culbertson a fee of 25% of the total past-due benefits awarded. Doc. No. 25-1. Attorney Culbertson now requests an award of $20,109.30, which he states would not result in an attorneys' fee that exceeds 25% of the past-due benefits awarded.[1] Doc. No. 25.

---

[1] The maximum amount of attorneys' fees that may be awarded under § 406(a) and (b) in the aggregate is 25% of the past-due benefits. Here, 25% of the past-due benefits is $30,167.20. That amount must, however, be reduced by the $6,000.00 in 406(a) fees awarded at the administrative level. Counsel must then either refund the EAJA fee previously awarded or reduce the amount of the § 406(b) fee requested by the amount of the EAJA fee. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273 (11th Cir. 2010). Attorney Culbertson elects the latter approach, subtracting another $4,057.90 from the sum withheld by the SSA, which results $20,109.30 as the amount that may be awarded in § 406(b) fees.

The Commissioner does not oppose the amount of fees requested by Attorney Culbertson.

Doc. No. 25, at 2.   The Commissioner agrees that she will not award additional fees under § 406(a).

Doc. No. 30, at 3.   The motion for attorney's fees was referred to the undersigned for a Report and

Recommendation, and it is now ripe for review.

## II.   ANALYSIS.

### A.   *Award of Fees Under § 406(b) Generally.*

Attorney Culbertson seeks attorneys' fees pursuant to § 406(b), which provides in relevant

part as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was
> represented before the court by an attorney, the court may determine and allow as
> part of its judgment a reasonable fee for such representation, not in excess of 25
> percent of the past-due benefits to which the claimant is entitled by reason of such
> judgment . . . .

42 U.S.C. § 406(b)(1)(A).   The statute further provides that it is unlawful for an attorney to charge,

demand, receive, or collect for services rendered in connection with proceedings before a court any

amount in excess of that allowed by the court.   *Id.* § 406(b)(2).   Accordingly, to receive a fee under

this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement

between the attorney and the client.

In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir. 2006), the

U.S. Court of Appeals for the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's

fees where the district court remands the case to the Commissioner of Social Security for further

proceedings, and the Commissioner on remand awards the claimant past-due benefits."   Because

Marburger was awarded past-due benefits following remand, as reflected in the Notice of Award

from the SSA, the Court may award attorneys' fees under § 406(b).

   B.  *Reasonableness of the Contingent Fee Under § 406(b).*

  The burden is on counsel for the successful claimant to show that the fee sought is reasonable for the services rendered. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "The court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808 (citations omitted). The Supreme Court observed that the contingency fee may be reduced when the fee is not commensurate with "the character of the representation and the results . . . achieved" or when the past-due benefits "are large in comparison to the amount of time counsel spent on the case." *Id.*

  In *McKee v. Commissioner of Social Security*, No. 6:07-cv-1554-Orl-28KRS, 2008 U.S. Dist. LEXIS 86793, at *2–5 (M.D. Fla. Sept. 30, 2008), the Court set forth a lengthy discussion on the reasonableness of contingent fee awards and the proper standard for their evaluation. Among other things, the Court noted that contingent fee awards should not be converted into hourly rate equivalents under a lodestar approach. Rather, the Court should look to the character of the attorney's representation and the results achieved, among other factors. *Id.* at *5 (citing *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005)).

  The record in this case reflects that Marburger filed applications for disability benefits in 2010. Doc. No. 20, at 1-2. The applications were denied initially, on reconsideration, and by an administrative law judge. *Id.* at 2. The Appeals Council declined to grant Marburger's request for review. *Id.* In the memorandum of law filed in this case, Marburger's counsel asserted two reasons that the Commissioner's decision should be reversed. Doc. No. 13. The Commissioner opposed the request for reversal. Doc. No. 19. After this Court ordered the Commissioner's decision reversed and remanded the case for further proceedings, the Commissioner ultimately

awarded Marburger benefits.   Doc. No. 25-2.   Under these circumstances, I recommend that the Court find that the requested attorney's fee is reasonable in the absence of objection.

## III.   RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee . . . Pursuant to 42 U.S.C. § 406(b) (Doc. No. 25) and find that Richard A. Culbertson, Esq., is allowed to charge Plaintiff Jeffrey John Marburger a reasonable fee for federal court representation in the amount of **$20,109.30**.   I further recommend that the Court require Attorney Culbertson to provide a copy of this Order to Marburger as soon as practicable, and advise Marburger that if he objects to the fee approved by the Order on this Report and Recommendation, he must file his objection with this Court within 30 days from the date the Order is issued.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 9, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy